UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J.M. BATTLE, III,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | Case No. 2:20-cv-01851-JDP (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>ECF No. 13 |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a motion requesting the appointment of counsel. ECF No. 13.

A petitioner in a habeas proceeding does not have an absolute right to appointment of counsel. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). However, the court is authorized to appoint counsel at any stage of the case "if the interests of justice so require." *See See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). In assessing whether to appoint counsel, the court evaluates the petitioner's likelihood of success on the merits and his ability to articulate his claims, considering the complexity of the legal issues involved. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court cannot conclude at this point that the interests of justice warrant the appointment of counsel. The legal issues involved in this action are not exceptionally

complicated, and petitioner has not demonstrated a likelihood of success on the merits. Accordingly, petitioner's motion to appoint counsel, ECF No. 13, is denied without prejudice.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

IT IS SO ORDERED.

Dated:   April 1, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE