UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR J.M. BATTLE, III,<br><br>Petitioner,<br><br>v.<br><br>DAVID HOLBROOK,<br><br>Respondent. | Case No.  2:20-cv-01851-JAM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 17 |

Petitioner Arthur Battle is a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2241.  ECF No. 7.  Respondent has filed a motion to dismiss arguing that the petition is untimely.  ECF No. 17.  For the reasons stated below, I recommend that respondent's motion be granted.

No habeas rule specifically applies to motions to dismiss.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes.").  Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for this motion to dismiss a section 2241 petition.  *See Ram v. Sacramento Cty.*, No. 2:15-cv-2074-WBS-DB, 2017 U.S. Dist. LEXIS 85123 at *4 (E.D. Cal. 2017).  Under Rule 4, I evaluate whether it "plainly appears" that a petitioner is not entitled to relief and, if so, recommend dismissal of the petition.

Respondent argues that petitioner's claims are untimely because they were filed after the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations expired.  *See Corjassso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (AEDPA's one-year statute of limitations begins to run the day after a petitioner's conviction becomes final).  Respondent states

that petitioner's conviction became final on February 14, 2012 when, after his appeals to the California appellate court and California Supreme Court were denied, the deadline to file a petition for writ of certiorari to the United States Supreme Court expired. ECF No. 17 at 3. The deadline for filing a federal petition was February 14, 2013. Petitioner was entitled to tolling for any state habeas petition filed during the limitations period, but he did not file any. *Id.* at 4. He filed his first state habeas petition on August 27, 2018, well after the limitations period had run. *Id.*

Petitioner did not file a timely opposition. On June 24, 2021, I directed him to file an opposition or statement of non-opposition within twenty-one days or face a recommendation for dismissal for failure to prosecute. ECF No. 20. In response, petitioner filed a one-page document that offers no substantive argument as to timeliness. ECF No. 21. He states only that he believes there is (or, perhaps, should be) no limitations period for actions alleging a violation of a person's civil rights. *Id.* That is not the law, however. Under AEDPA, petitioner had one year, plus any relevant tolled period, to bring his habeas claims to federal court. He failed to do so, and his claims must be dismissed as untimely.

For the foregoing reasons, I recommend that respondent's motion to dismiss, ECF No. 17, be granted and the petition be dismissed as untimely.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   September 9, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3